Gregory M. Finch (SBN 091237)
SIGNATURE LAW GROUP
3400 Bradshaw Road, Suite A-4A
Sacramento, California 95827
Telephone: (916) 856-5800
Facsimile: (916) 880-5255
gfinch@signaturelawgroup.com

Attorney for Plaintiff
CAROL WALKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL WALKER, <br><br> Plaintiff, <br><br> vs. <br><br> CITY and COUNTY OF SAN FRANCISCO SERGEANT JUSTIN ERB; and DOES 1 through 20, inclusive, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR CIVIL RIGHTS VIOLATION** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **42 U.S.C. § §1983 & 1988 – Excessive Force** <br><br> **Wrongful Death** <br><br> **Respondeat Superior** |

Plaintiff Carol Walker, by and through her attorney, Gregory M. Finch, complains against Defendants and requests trial by jury as follows:

**I. INTRODUCTION**

1. This is an action brought by Carol Walker, mother and a surviving heir at law of Jessica Williams, an African American woman, to vindicate profound deprivations of Jessica Williams' constitutional rights whose death was caused by police brutality.

2. On May 19, 2016, Jessica Williams was fatally shot by Defendant Sergeant Justin Erb.

1
**COMPLAINT**

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202. This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988. Each and all of the acts (or threats of acts) alleged herein were done by Defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the County of Sacramento.

4. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

5. Venue is proper in the United States District Court Northern District of California under 28 U.S.C. § 1391 and this court has personal jurisdiction over the Defendant sued in their personal capacities in this matter because the events giving rise to this claim occurred in this district.

## III. PARTIES

6. Plaintiff, CAROL WALKER (hereinafter referred to as" WALKER,") is, and at all times herein mentioned a citizen of the State of California.

7. Defendant, Sergeant JUSTIN ERB (hereinafter referred to as "ERB"), is a Sergeant of the City and County of San Francisco Police Department.

8. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Sacramento County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment.

9. Defendant CITY and COUNTY OF SAN FRANCISCO ("SAN FRANCISCO") is a municipal corporation organized under the laws and Constitution of the

State of California, and is a public entity capable of suing and being sued. Defendant SAN FRANCISCO maintains and operates the Police Department of CITY and COUNTY OF SAN FRANCISCO which, in the first instance, is responsible for injuries to Plaintiff as herein alleged.

10. At all times herein mentioned, each of the defendants were and are the agents, servants and/or employee of each of the other defendants, and all things alleged to have been done by said defendants were done in the capacity of and as agents of the other defendants and was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

## IV. FACTS

11. On May 19, 2016 Defendant ERB and one other officer engaged in a brief pursuit of 29-year-old Jessica Williams where Williams reportedly crashed the car she was driving into a parked truck and then was attempting to continue fleeing when Erb shot her.

12. Plaintiff, on August 25, 2016, pursuant to Government Code section 945 filed a claim with Defendant SAN FRANCISCO.

13. Said claim was denied on September 28, 2016.

## V.  CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Excessive Force (Against Defendant Justin Erb)**

14. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

15. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

16. At the time of the complained of events, Jessica Williams had a clearly established constitutional right under the Fourth Amendment to be secure in her person from unreasonable seizure through excessive force.

17. Jessica Williams also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

18. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

19. Plaintiff is informed and believes that Defendant ERB action and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Jessica Williams.

20. Plaintiff is informed and believes ERB actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Jessica Williams' federally protected rights. The force used by these Defendant ERB shocks the conscience and violated these Fourteenth Amendment rights of Jessica Williams.

21. ERB unlawfully shot Jessica Williams by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Jessica Williams of her freedom.

22. The force used constituted deadly force in caused the death of Jessica

Williams.

23. Plaintiff is informed and believes ERB engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Jessica Williams' federally protected constitutional rights.

24. ERB did so with shocking and willful indifference to Jessica Williams' rights and his conscious awareness that he would caused the death of Jessica Williams.

25. The acts or omissions of ERB were moving forces behind Jessica Williams' injury as herein described.

26. The acts or omissions of Defendants ERB, as described herein, intentionally deprived Jessica Williams of her constitutional rights and caused her death.

27. ERB is not entitled to qualified immunity for the complained of conduct.

28. ERB, at all times relevant hereto, was acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Jessica Williams.

29. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

30. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Jessica Williams.

## SECOND CLAIM FOR RELIEF
### Wrongful Death (Against Defendant Justin Erb)

31. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein

32. Plaintiff is a surviving heir at law of the decedent Jessica Williams. Plaintiff is the surviving mother of the decedent.

33. At all times mentioned in this complaint, Defendants ERB negligently and carelessly shot Jessica Williams.

34. As a direct and proximate result of said negligence and carelessness as described above, decedent died on May 19, 2016.

35. As the direct and proximate result of the foregoing and the death of the deceased, plaintiff has been deprived of a kind and loving daughter.

36. As a further direct and proximate result of the foregoing, plaintiffs have been generally damaged in a sum to be established according to proof, as provided by Code of Civil Procedure sections 425.10 and 425.11.

37. As a further direct and proximate result of the death of the deceased, plaintiffs have incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in a presently unascertained sum. Plaintiffs request permission to insert the amount when it is finally determined.

Wherefore, plaintiffs demand judgment as set forth below.

## THIRD CLAIM FOR RELIEF
### Respondeat Superior (Against Defendant San Francisco)

38. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

39. While engaging in the above described negligent, substandard and careless conduct, Defendant ERB was within the course and scope of his employment with this named Defendant, and his conduct was not discretionary. Therefore, Defendant SAN FRANCISCO is responsible for damages caused by said conduct under the principle of <u>Respondeat Superior.</u>

Wherefore, plaintiffs demand judgment as set forth below.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

DATED: October 19, 2016    RESPECTFULLY SUBMITTED,
    SIGNATURE LAW GROUP, LLP


    _/s/ Gregory M. Finch_
    Attorney for CAROL WALKER