DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
SEAN F. CONNOLLY, State Bar #152235
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3863
Facsimile:      (415) 554-3837
E-Mail:         sean.connolly@sfgov.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL WALKER,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SERGEANT JUSTIN ERB; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No. 16-cv-06053 EDL<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## I.      INTRODUCTION

        Defendant City and County of San Francisco ("Defendant") hereby responds to plaintiff's

Complaint ("Complaint").

        1.      In response to this paragraph, defendant lacks information sufficient to enable it to form

a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

        2.      Fearing for his life, and the lives of his partner and the public, Sergeant Erb discharged

his firearm at a suspected car thief who, in an attempt to evade arrest, recklessly drove a vehicle in

such a way as to endanger him and others around him. Witnesses stated that the suspect attempted several times to run over police officers.

## II.    JURISDICTION AND VENUE

3.    In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

4.    In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

5.    In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

## III.    PARTIES

6.    In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

7.    Admitted.

8.    Defendant denies the allegations contained in this paragraph.

9.    Defendant admits all allegations in this paragraph except those contained in the final sentence of this paragraph, the truth of which defendant denies.

10.    Defendant admits all allegations in this paragraph except those contained in the final sentence of this paragraph, the truth of which defendant lacks information sufficient to enable it to form a belief of its truthfulness or falsity, and on that basis denies the allegation.

## IV.    FACTS

11.    Defendant is informed and believes that on May 19, 2016, Jessica Williams was engaged in a felony crime and was under the extreme influence of methamphetamine, at which time San Francisco police officers attempted to arrest her, whereupon she, in an attempt to evade arrest, recklessly drove a vehicle in such a way as to endanger Sergeant Erb and others, and according to witnesses attempted to run over the police officers. Fearing for his life, and the lives of his partner and the public, Sergeant Erb discharged his firearm at the vehicle.

12.    In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

13.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**42 U.S.C. Section 1983-Excessove Force (Against Defendant Justin Erb)**

14.     Defendant hereby incorporates by reference all previous responses as if set forth in full.

15.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

16.     Defendant denies the allegations contained in this paragraph as it is not a complete statement of the law.  Persons who commit violent felonies and who fail to surrender to arrest do not enjoy the same protections as law-abiding citizens.

17.     Defendant denies the allegations contained in this paragraph as it is not a complete statement of the law. Persons who commit violent felonies and who fail to surrender to arrest do not enjoy the same protections as law-abiding citizens.

18.     Defendant denies the allegations contained in this paragraph as it is not a complete statement of the law.  Persons who commit violent felonies and who fail to surrender to arrest do not enjoy the same protections as law-abiding citizens.

19.     Defendant denies the allegations contained in this paragraph.

20.     Defendant denies the allegations contained in this paragraph.

21.     Defendant denies the allegations contained in this paragraph.

22.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

23.     Defendant denies the allegations contained in this paragraph.

24.     Defendant denies the allegations contained in this paragraph.

25.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

26.     Defendant denies the allegations contained in this paragraph.

27.     Defendant denies the allegations contained in this paragraph.  Defendant is informed and believes that no constitutional right was violated, and if there was a violation, such right was not sufficiently established.

28.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

29.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

30.     Defendant denies the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### Wrongful Death (Against Defendant Justin Erb)

31.     Defendant hereby incorporates by reference all previous responses as if set forth in full.

32.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

33.     Defendant denies the allegations in this paragraph.

34.     In response to this paragraph, defendant denies any allegations of negligence and lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

35.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

36.     Defendant denies the allegations in this paragraph.

37.     In response to this paragraph, defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

## THIRD CLAIM FOR RELIEF

### Respondeat Superior (Against Defendant San Francisco)

38.     Defendant hereby incorporates by reference all previous responses as if set forth in full.

39.     Defendant does not understand the allegations in this paragraph, but denies that any employee was negligent or careless.  As to the remaining parts of this paragraph, defendant lacks

information sufficient to enable it to form a belief as to the truth of the allegations therein, and, on that basis, defendant denies the allegations.

## VI.   PRAYER

Responding to the allegations in plaintiff's prayer for relief, defendant objects to them and as to those that make allegations defendant lacks information sufficient to enable it to form a belief as to the truth of the allegations in those paragraphs, and, on that basis, defendant denies the allegations.

Defendant further denies any allegation inadvertently unaddressed, and any and all prayer for damages.

## JURY DEMAND

Defendant joins in plaintiff's request for a jury trial.

## <u>SEPARATE AFFIRMATIVE DEFENSES</u>

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against any defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Assumption of Risk - Peril)

Defendant alleges that decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that decedent, voluntarily placed herself in a position of peril, and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by decedent, when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

Defendant alleges that decedent had full knowledge of the risks involved in the activity in which she was engaged at the time of the incident set forth in the Complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by the plaintiff was caused by said risks that were accepted and voluntarily assumed by decedent.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant alleges that the Complaint and each and every cause of action therein is barred because plaintiff/decedent failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant's Act Not a Proximate Cause)

Defendant states that any act or omission on the part of the answering defendant, its agents or employees, was not the proximate cause of plaintiff's injury.

## SIXTH AFFIRMATIVE DEFENSE

### (Denial of Damages)

Defendant denies that plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant alleges the provisions of the California Tort Claims Act of the California Government Code (Government Code §810 *et seq.*) as a measure of the duty of the City and County of San Francisco and its employees.

## EIGHTH AFFIRMATIVE DEFENSE

### (Immunity)

Defendant claims the immunities under the applicable provisions of the California Government Code, including without limitation sections 820.8, 830-835.4.

## NINTH AFFIRMATIVE DEFENSE

### (Barred by Tort Claims Act and Failure to file Claim)

Defendant alleges that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code sections: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8;

Answer to Complaint
Walker v. CCSF, et al.; No. 16-cv-06053 EDL
6
n:\lit\li2016\161250\01151127.docx

830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 80.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant alleges that the employees, officials and agents of defendant were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling defendant to sanctions and appropriate remedies (including without limitation attorney's fees) against plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Proper Conduct)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Complaint, defendant acted without malice and with a good faith belief in the propriety of its conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Acting in Good Faith)

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendant performed and discharged in good faith each and every obligation, if any, owed to plaintiff.

Answer to Complaint
Walker v. CCSF, et al.; No. 16-cv-06053 EDL
7
n:\lit\li2016\161250\01151127.docx

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that its conduct at all times material herein was privileged and/or justified under applicable state and Federal law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Immunities)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Public Liability Act)

Defendant alleges the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of defendant's duties and liabilities in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Immunity:  Exemplary Damages)

Defendant alleges that San Francisco, as a public entity, is immune from liability for exemplary damages herein pursuant to Section 818 of the California Government Code.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Decedent's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by plaintiff; that as a consequence, plaintiff's claim is barred.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Discretionary Act Immunity)

Defendant alleges that the act or omissions which plaintiff claims give rise to liability in this case were within the discretion of San Francisco employees acting within the course and scope of their employment and, as a result, plaintiff's claim is barred by the discretionary act immunity contained in California Government Code section 820.2 and its related provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Privilege)

Defendant alleges that if any force was used by defendant against the decedent herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Justified Use of Force)

The Complaint and each cause of action therein is barred because the use of force against the decedent by the employees of defendant, if any, was privileged and justified.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that decedent was negligent in and about the matters and activities alleged in the Complaint; that decedent's negligence contributed to and was a proximate cause of decedent and/or plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against defendant by virtue of the Complaint, defendant prays that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Arrest)

Defendant alleges that if any force was used to effect the arrest of the decedent herein by the Doe defendants, such force was authorized and privileged pursuant to Sections 835 and 835a of the

California Penal Code and as a proximate result thereof, plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Resisting Arrest)

Defendant alleges that decedent was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist her arrest; that decedent breached her duty even though she knew or by the exercise of reasonable care should have known that she was being arrested by a peace officer; that as a direct and proximate result of decedent's breach of this duty plaintiff is barred from recovery for any loss or damage plaintiff may have incurred, if any there be.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff/Decedent Assaulted Police)

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers; that it became and was necessary to use force on the person of the decedent to defend said arresting officers from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by plaintiff were proximately caused by the necessary use of said reasonable force on the person of decedent and not otherwise; and that by reason of decedent instituting said vicious and violent assault on the persons of said arresting officers, decedent's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers from said assault, plaintiff's claim, if any, is barred by law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Prevent Injury/Escape)

Defendant alleges that no more force was used on decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified immunity.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Immunity from Injury Caused by Person Resisting Arrest)

Defendant alleges that, pursuant to California Government Code section 845.8, defendant is immune from liability as a matter of law for injury caused to plaintiff by a person resisting arrest.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Failure to State Relief Under 42 U.S.C. 1983)

Defendant alleges that plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. 1983 against defendant, its agents, employees and particularly its police officers.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(City and County of San Francisco Not a Proper Party)

Defendant alleges that plaintiff has failed to allege sufficient, specific facts against defendant, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that decedent had full knowledge of the risks involved in the mutual combat activity in which she engaged and set forth in the Complaint herein; that decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by plaintiff were caused by said risks, which were accepted and voluntarily assumed by decedent when she engaged in said activity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Self Defense)

Defendant alleges by way of a plea of self-defense that defendant employees honestly and reasonably believed that decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self-defense.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendant further alleges that it is not liable for any cause of action based in negligence, as they have breached no duty of care owed to plaintiff.

## <u>ADDITIONAL AFFIRMATIVE DEFENSES</u>

1.      Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing from Defendant;

2.      That the Complaint against Defendant be dismissed with prejudice;

3.      That Defendant recover its costs of suit herein, including attorneys' fees; and

4.      For such other relief as is just and proper.

Defendant respectfully demands a jury trial.

Dated:  November 22, 2016

                                      DENNIS J. HERRERA
                                      City Attorney
                                      CHERYL ADAMS
                                      Chief Trial Deputy
                                      SEAN F. CONNOLLY
                                      Deputy City Attorney


                               By:_____*/s/ Sean F. Connolly*_____
                                      SEAN F. CONNOLLY

                                      Attorneys for Defendant
                                      CITY AND COUNTY OF SAN FRANCISCO